## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NEWTEK SMALL BUSINESS FINANCE, LLC, a New York limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| BOYZ TRANSPORTATION SERVICES, LLC, a Tennessee limited liability company, RANDALL MILLER COMPANY, INC., a North Carolina corporation, and LANDREW PROPERTIES, LLC, a North Carolina limited liability company | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Comes Newtek Small Business Finance, LLC, a New York limited liability company ("Newtek"), by and through counsel, and sues Defendants, Boyz Transportation Services, LLC, a Tennessee limited liability company ("Boyz"), Randall Miller Company, Inc., a North Carolina corporation ("RMC"), and Landrew Properties, LLC, a North Carolina limited liability company, and for its causes of action would show as follows unto this Honorable Court:

### I.    PARTIES AND JURISDICTION

1.    Plaintiff, Newtek, is a New York limited liability company with its principal place of business located at 1981 Marcus Avenue, Suite 130, Lake Success, NY 11042.

2.    Upon information and belief, Defendant, Boyz, is a Tennessee limited liability company with its principal place of business located at 104 Lick Branch Road, Bristol, TN and may be served via its registered agent, Mark Dessauer, at 1212 N. Eastman Road, Kingsport, TN 37664-3146.

3.      Upon information and belief, Defendant, RMC is a North Carolina corporation with its principal place of business located at 408 Jason Place SW, Lenoir, NC 28645-6455 and may be served via its registered agent, Nathan Singleton, at 104 Lick Branch Road, Bristol, TN 37620.

4.      Upon information and belief, Defendant, Landrew, is a North Carolina limited liability company with its principal place of business located at 2947 Bamboo Road, Boone, NC 28607-8726 and may be served via its registered agent, Randall Miller, at 2947 Bamboo Road, NC 28607-8726.

5.      Plaintiff, Newtek, avers that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), because Newtek is diverse from Boyz, RMC and Landrew and the amount in controversy exceeds $75,000.00.

6.      Plaintiff, Newtek, avers that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to claims occurred in this district and the contracts giving rise to the claims provide for this district as the proper venue.

## II.      FACTUAL ALLEGATIONS AND BACKGROUND

7.      Newtek incorporates the allegations set forth in Paragraphs 1 through 6 above as if set forth fully herein.

8.      On or about July 31, 2019, Boyz and RMC (collectively, the "Borrowers") entered into U.S. Small Business Administration Note (the "Note"), whereby Newtek loaned the Borrowers the principal amount of three million seven hundred thousand dollars and zero cents ($3,700,000.00).  A true and exact copy of the Note is attached hereto as Exhibit A.

9.      On or about July 31, 2019, the Borrowers executed a Commercial Security Agreement (the "Boyz – Security Agreement") in favor of Newtek, thereby securing the Note

with certain collateral as further defined in the Boyz – Security Agreement. A true and exact

copy of the Boyz – Security Agreement is attached hereto as Exhibit B.

10.     On or about July 31, 2019, the Borrowers executed a Commercial Security

Agreement granted by RMC (the "RMC – Security Agreement") in favor of Newtek, thereby

securing the Note with certain collateral as further defined in the RMC – Security Agreement. A

true and exact copy of the RMC – Security Agreement is attached hereto as Exhibit C.

11.     On or about July 31, 2019, the Borrowers and Newtek executed a Loan

Agreement regarding the terms of the loan by and between Borrowers and Newtek. A true and

exact copy of the Loan Agreement is attached hereto as Exhibit D.

12.     In order to secure the Note, Newtek obtained a security interest in the following

vehicles, among other collateral, pursuant to the Boyz – Security Agreement and the RMC

Security Agreement:

    2013 Great Dane Trailer (VIN: 1GRAA062XDW703477);
    2015 Freightliner Truck (VIN: 1FUGGLD53FLGL0387);
    2017 Western Star Truck (VIN: 5KJJBHDR7HLHY5719);
    2018 Kenworth Truck (VIN: 1XKYDP9XXJJ205292);
    2018 Kenworth Truck (VIN: 1XKYDP9X7JJ199709):
    2018 Peterbilt Truck (VIN: 1XPBDP9X9JD496091);
    2018 Peterbilt Truck (VIN: 1XPBDP9X0JD496092);
    2013 Peterbilt Truck (VIN: 1XPHD49X6DD194710); and
    2018 Wabash Trailer (VIN: 1JJV532BXJL045056)

(the "Vehicles"). True and exact copies of the Certificates of Titles of the Vehicles noting RMC

and Boyz as the owners and Newtek as the first (1st) lien holder are attached hereto as collective

Exhibit E.

13.     Thereafter, the Borrowers defaulted under the terms of the Note, Security

Agreement and Loan Agreement and the Borrowers have coordinated with Newtek to surrender

the collateral to Newtek.

14.     On or about May 19, 2020, Newtek sent the Borrowers a letter of default in regard to the Note, the Boyz – Security Agreement, the RMC – Security Agreement and the Loan Agreement (the "Notice of Default").  A true and exact copy of the Notice of Default is attached hereto as Exhibit F.

15.     As of the date of this filing, the Borrowers have not made any payments toward the obligation due and owing as referenced in the Notice of Default

16.     Newtek was informed by the Borrowers that the Vehicles were located on the leased premises of RMC located at 408 Jason Place, S.W., Lenoir, NC 28645, which is owned by Landrew (the "Lease Premises").  RMC entered into a Lease Agreement with Option to Purchase with Landrew, whereby RMC leased the Lease Premises to operate its business (the "Lease"). Furthermore, the Lease was guaranteed by Nathan and Whitney Singleton, Tennessee citizens and residents.  A true and exact copy of the Lease is attached hereto as Exhibit G.

17.     Newtek has made demand on several occasions since in and around March 2020 to obtain possession of the Vehicles from Landrew pursuant to its security interest in the Vehicles.

18.     As of the filing of this action, Landrew has denied Newtek access to possession of the Vehicles.

19.     Landrew has made demand for a storage lien under North Carolina law pursuant to N.C. GEN. STAT. ANN. § 44A-2 (2020).

20.     Upon information and belief, Landrew filed nine (9) Form LT-260s "Unclaimed Report" as to the Vehicles with the North Carolina Division of Motor Vehicles – License and Theft Bureau.

21.     On or about, May 21, 2020, Landrew filed nine (9) Form LT-262s as to the Vehicles with the North Carolina Division of Motor Vehicles – License and Theft Bureau regarding the Vehicles claiming a storage lien in the amount of ten thousand one hundred dollars ($10,100.00) per vehicle in the total amount of ninety thousand nine hundred dollars ($90,900.00) for the alleged storage lien for the Vehicles.  True and exact copies of the Form LT-262s are attached hereto as collective Exhibit H.

22.     On or about June 18, 2020, Newtek, by and through counsel, sent a correspondence via first class mail and certified mail to the North Carolina DMV License & Theft Bureau asserting its first (1st) lien rights in the Vehicles (the "DMV Letter").  A true and exact copy of the DMV Letter is attached hereto as Exhibit I.

### III.     CAUSE OF ACTIONS

### A.  BREACH OF CONTRACT

23.     Newtek incorporates the allegations set forth in Paragraphs 1 through 22 above as if set forth fully herein.

24.     As of the filing of this action, the Borrowers have breached the terms of the Note, the Boyz – Security Agreement, the RMC – Security Agreement and the Loan Agreement and have remained in default under the same.

25.     Pursuant to the Note, the Boyz – Security Agreement, the RMC – Security Agreement and the Loan Agreement, the Borrowers are responsible for the obligation due and owing under the Note and, therefore, the Borrowers owe all amounts due and owing pursuant to the Note.

26.     As of June 30, 2020, the Borrowers owe Newtek three million three hundred fifty-two thousand six hundred eighty-seven dollars and twenty-eight cents ($3,352,687.28) in

principal, two hundred nine thousand three hundred ten dollars and thirteen cents ($209,310.13) in interest, thirteen thousand six hundred eighty dollars and ninety-two cents ($13,680.92) in late fees, four hundred forty dollars ($440.00) in misc. fees and thirty-two thousand six hundred ninety-eight dollars and six cents ($32,698.06) in expenses including, but not limited to, appraisal costs and attorney's fees expended to date for a total balance due and owing pursuant to the Note in the total amount of three million six hundred eight thousand eight hundred sixteen dollars and thirty-nine cents ($3,608,816.39). Newtek avers pursuant to the Note, the Boyz – Security Agreement, the RMC – Security Agreement and the Loan Agreement that the Borrowers also owes post-judgment interest, costs and reasonable attorney's fees.

## B. INJUNCTIVE RELIEF

27.     Newtek incorporates the allegations set forth in Paragraphs 1 through 26 above as if set forth fully herein.

28.     As of the filing of this action, Newtek is entitled to possession of the Vehicles pursuant under the terms of the Note, the Boyz – Security Agreement, the RMC – Security Agreement and the Loan Agreement and pursuant to its perfected security interest in the Vehicles pursuant to its first (1st) lien noted on the certificates of titles.

29.     Landrew claims that additional storage fees are accruing at a total of fifty dollars ($50.00) per vehicle per day for a total amount of four hundred fifty dollars ($450.00) per day for the Vehicles.

30.     The alleged additional accrual of daily storage fees have caused and are causing Newtek to suffer immediate and irreparable injury with a loss in equity in the Vehicles securing the Note.

31.     Newtek furthermore avers that the Vehicles continue to depreciate daily, resulting in Newtek suffering immediate and irreparable injury as to the loss in equity.

32.     As of the filing of this action, Newtek has no adequate remedy at law and has suffered immediate and irreparable injury, and requests this Court to issue a preliminary injunction pursuant to Fed. R. Civ. P. 65 requiring Landrew to make the Vehicles immediately available for Newtek subject to any storage lien rights Landrew may have against the Vehicles under North Carolina law.

33.     Newtek is willing and ready to provide adequate security if required by the Court pursuant to Fed. R. Civ. P. 65(c).

## C.   DECLARATORY ACTION AS TO STORAGE LIENS

34.     Newtek incorporates the allegations set forth in Paragraphs 1 through 33 above as if set forth fully herein.

35.     Landrew claims an alleged storage lien pursuant to N.C. GEN. STAT. ANN. § 44A-2 (2020) in the Vehicles in an amount not less than ninety thousand nine hundred dollars and zero cents ($90,900.00) pursuant to the Form LT-262s attached hereto as Exhibit H.

36.     Landrew further claims an alleged storage lien of four hundred fifty dollars ($450.00) per day for storage of the Vehicles on the Lease Premises.

37.     N.C. GEN. STAT. ANN. § 44A-2(d) (2020) provides, in relevant part:

> Any person who repairs, services, tows, or stores motor vehicles in the ordinary course of the person's business pursuant to an express or implied contract with an owner or legal possessor of the motor vehicles . . . has a lien upon the motor vehicle for reasonable charges for such repairs, servicing, towing, storing . . . .

38.     As of the filing of this action, Landrew has not provided Newtek with an express contract for the storage of the Vehicles.

39.     Landrew alleges that Paragraph 22 of the Lease provides for its right to charge a storage fee and accrue a storage lien against the Vehicles.

40.     Upon information and belief, Landrew never provided notice of default to RMC as required under the Lease.

41.     Furthermore, upon information and belief, Boyz nor RMC entered into an implied contract for the storage of the Vehicles with Landrew.

42.     In addition, the Vehicles are being stored at the Lease Premises, which was used as a commercial business by RMC under the Lease and is not used in the ordinary course of business for the storage of Vehicles.

43.     Newtek contends that should Landrew be entitled to a storage lien under N.C. GEN. STAT. ANN. § 44A-2(d) (2020) that a charge of fifty dollars ($50.00) per vehicle per day for a total of four hundred fifty dollars ($450.00) for the Vehicles is not reasonable as it results in an amount not less than thirteen thousand five hundred dollars ($13,500.00) per month for the storage of the Vehicles, when Landrew only charged a fair market rental value of five thousand dollars ($5,000) per month for the entire lease of the premises.

44.     Newtek seeks a declaration as to whether Landrew is entitled to a storage lien on the Vehicles pursuant to N.C. GEN. STAT. ANN. § 44A-2(d) (2020).

45.     Should this Court declare that Landrew is entitled to a storage lien, Newtek additionally seeks a judgment declaring the amount Landrew is entitled to under its storage lien under N.C. GEN. STAT. ANN. § 44A-2(d) (2020).

## IV.     PRAYER FOR RELIEF

WHEREFORE, Newtek prays as follows:

1.     That the Complaint and Summons be served upon Defendant, Boyz and that Boyz be required to answer fully and truthfully;

2.      That the Complaint and Summons be served upon Defendant, RMC and that RMC be required to answer fully and truthfully;

3.      That the Complaint and Summons be served upon Defendant, Landrew and that Landrew be required to answer fully and truthfully;

4.      That Newtek be awarded a joint and several judgment against the Defendants, Boyz and RMC, in the total amount of $3,608,816.39, plus post-judgment interest, costs and reasonable attorney's fees;

5.      That the Court enter an injunction pursuant to Fed. R. Civ. P. 65 in favor of Newtek for immediate possession of the Vehicles owned by Boyz and RMC and in the possession of Landrew, and further directing Defendants, Boyz, RMC and Landrew to make the Vehicles available to Newtek for retrieval subject to any storage lien rights Landrew may have against the Vehicles.

6.      That the Court enter a judgment declaring whether Landrew is entitled to a storage lien under North Carolina law pursuant to N.C. GEN. STAT. ANN. § 44A-2 (2020), and if entitled to a storage lien under North Carolina law, a judgment declaring the total amount due Landrew pursuant to its storage lien.

7.      That Newtek be awarded such other and further relief as the Court deems just and proper.

**THIS IS THE FIRST APPLICATION FOR INJUNCTIVE RELIEF IN THIS CAUSE.**

Respectfully submitted this 1st day of July, 2020.

WOOLF, McCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC


By: /s/ M. Aaron Spencer
    M. Aaron Spencer, Esq., BPR No. 029911

900 S. Gay Street, Suite 900
P.O. Box 900
Knoxville, TN 37901
(865) 215-1000
(865) 215-1001 (fax)
aspencer@wmbac.com

*Attorney for Newtek Small Business Finance, LLC*